THE STATE OF KANSAS, *on the relation of L. B. Kellogg, Attorney General,* v. CARRIE SHEPHERD, *as City Clerk of Leavenworth.*

REGISTRATION ACT—*Application to City of First Class.* The act of the legislature relating to the registration of voters, etc., approved March 2, 1889, (being chapter 206 of the Laws of 1889,) applies only to cities of the first class where more than 6,000 votes were cast at the general election in November, 1888, or shall be cast at some future general election.

*Original Proceeding in Mandamus.*

THE opinion, filed October 5, 1889, states the case.

*L. B. Kellogg,* attorney general, for The State.

*Thos. P. Fenlon,* for respondent.

The opinion of the court was delivered by

VALENTINE, J.: On March 2, 1889, an act of the legislature relating to the registration of voters, etc., in certain cities of the first class, was passed, and on March 13, 1889, the act took effect. The title to the act reads as follows:

"An act to provide for and regulate the registration of voters; to regulate elections, and to provide for the appointment of a commissioner of elections in certain cities of the first class."

The remainder of the act, so far as it is necessary to quote the same, reads as follows:

"Section 1. That in cities of the first class where the metropolitan-police law is or may be in force, and where more than 6,000 votes were cast at the general election in November, 1888, or shall be so cast at any future general election, the members of the board of police commissioners and a commissioner of elections, to be appointed as hereinafter provided, shall constitute a board of supervisors of elections, of which the president of the board of police commissioners shall be president and the commissioner of elections shall be secretary," etc.

"Sec. 2. The governor of the state shall appoint for each city of the first class to which the provisions of this act apply, immediately upon the going into effect of this act, a commissioner of elections, who shall hold his office for the term of four years, and until his successor is appointed and qualified," etc.

"Sec. 19. That in any city of the first class where more than 6,000 votes were or may be cast as specified in section 1 of this act, but where the metropolitan-police law is not in force, a commissioner of elections shall be appointed as previously provided; and it shall be his duty to appoint one councilman from each ward, who shall act as a board of supervisors of elections, to be confirmed by the council, whose duties as such supervisors shall be identical in every respect with those prescribed for such supervisors in cities where the metropolitan-police law is in force."

At the time of the passage and the taking effect of this act the city of Leavenworth was, and still is, a city of the first class, in which the metropolitan-police law was and still is in force. At the general election held in November, 1888, less than 6,000 votes were cast in said city, but at the city election held in April, 1889, more than 6,000 votes were cast in said city, to wit, 7,439, of which 3,000 were cast by women. On April 10, 1889, the governor, under the aforesaid act, appointed William W. Roberts, a citizen and householder of Leavenworth city, a commissioner of elections for the city, and he duly accepted the office and qualified. At that time and since, the defendant, Carrie Shepherd, was and has been the

city clerk of said city. On April 24, 1889, Roberts, as such commissioner, demanded of the defendant, as city clerk, the entries of registration made by the clerk since the first Monday in January, 1889, and all records of registration and the books and papers connected therewith; which demand was refused by the defendant. On April 25, 1889, this action, which is *mandamus*, was commenced in this court by the attorney general, in the name of the state of Kansas, to compel the defendant, as city clerk, to deliver to Roberts, as commissioner of elections, the aforesaid registration records, etc. Upon these facts the legal question arises, and it is the principal question involved in this case: Does the aforesaid registration act apply to the city of Leavenworth? If it applies, then Roberts was and is entitled to the aforesaid records; but if it does not apply, then his appointment was a nullity, he was not and is not entitled to the records, and the defendant, as city clerk, properly refused his demand. The plaintiff claims that the aforesaid registration act is "applicable to all cities of the first class where the metropolitan-police law is or may be in force," regardless of the fact whether more than 6,000 votes have ever been cast in such cities at a general election, or not; and claims that the act is also applicable "to all cities of the first class where more than 6,000 were cast at the general election in November, 1888, or shall be so cast at any future general election, regardless of the fact whether these last-named cities casting more than 6,000 votes are or are not under the operation of the metropolitan-police law." On the other hand, the defendant, so far as this case is concerned, will admit that all that the plaintiff claims is correct except as follows: she denies that the law is applicable to any city in which not more than 6,000 votes have ever been cast at a general election. Indeed, the only question involved in this case is, whether the law is applicable to cities of the first class or not, where the metropolitan-police law is in force and where as many as 6,000 votes have never been cast at a general election.

The first section of the act makes the law applicable only

to cities of the first class where the metropolitan-police law is or may be in force, and where more than 6,000 votes were cast at the general election in November, 1888, or shall be cast at any future general election; and does not make the law applicable to any city other than a city of the first class, nor to any such city where the metropolitan-police law is not in force, nor to any city where not more than 6,000 votes have been cast at a general election. Section 19 of the act, however, extends the applicability of the law to any city of the first class where more than 6,000 votes have been cast, although the metropolitan-police law may not be in force in such city; but neither this section nor any other section or provision of the act attempts to so extend the law as to make it applicable to any city other than a city of the first class, or to any city other than one where more than 6,000 votes have been cast at some general election. When this law took effect, it immediately applied, under section one of the act, to the cities of Wichita and Kansas City, for each of such cities was a city of the first class, each was under the metropolitan-police law, and in each more than 6,000 votes were cast at the general election in November, 1888; and under section 19 of the act the law immediately applied to the city of Topeka, for it was a city of the first class in which more than 6,000 votes were cast at the general election in November, 1888, although it was not at that time under the operation of the metropolitan-police law; and by the terms of the act the act might become applicable in time to every city of the first class in the state of Kansas.

It is our opinion that the aforesaid act does not apply to the city of Leavenworth, and therefore the peremptory writ of *mandamus* will be refused, and judgment will be rendered in favor of the defendant.

All the Justices concurring.